UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| ESTHER DYER, Individually and as Natural Parent and Guardian of R.S. Dyer; ROSELYN K. DYER; and MATTHEW G. HUNTLEY as Special Administrator of the Estate of Ravi S. Dyer, Deceased;<br><br>                Plaintiffs,<br><br>vs.<br><br>T QUARTERCIRCLE RANCH, a Nevada Corporation; FRANK "FROSTY" TIPTON; JOSEPH SICKING;<br><br>                Defendants. | Case no. 3:14-CV-00208-LRH-(VPC)<br><br>ORDER |

Before the court is defendants T Quartercircle Ranch and Frank Tipton's (collectively "defendants") motion to dismiss. Doc. #4.[1] Plaintiffs Esther Dyer, R.S. Dyer, Roselyn Dyer, and Matthew G. Huntley (collectively "plaintiffs") filed an opposition (Doc. #9) to which defendants replied (Doc. #10).

**I.     Facts and Procedural History**

On June 10, 2013, Ravi Dyer was driving his vehicle on Interstate 80 through Humboldt County, Nevada. On that same date, defendants were engaged in large scale excavation work on defendants' ranch property near the highway. A windstorm swept through the area creating a dust storm over a portion of Interstate 80 and causing a twenty-seven vehicle accident which ultimately claimed the life of Ravi Dyer.

---

[1] Refers to the court's docketing number.

On April 17, 2014, plaintiffs, relatives of Ravi Dyer, filed a complaint against defendants alleging two causes of action: (1) negligence; and (2) wrongful death. Doc. #1. Thereafter, defendants filed the present motion to dismiss. Doc. #4.

## II. Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complains must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do

nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.    Discussion**

In their motion to dismiss, defendants' sole argument is that the dust storm was "an intervening force of nature" for which they cannot be liable. *See* Doc. #4. "An intervening force of nature," also known as an act of god, is a natural act of such providential occurrence or extraordinary manifestation that it could not have been foreseen. *See Alamo Airways, Inc. v. Benum*, 374 P.2d 684, 686 (Nev. 1962).

An act of god is an affirmative defense for which defendants carry the burden of proof. In a motion to dismiss, a court may only dismiss a complaint on the basis of an affirmative defense if the facts of the defense are established on the face of the complaint. *See e.g., Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (holding that the facts establishing the affirmative defense of statute of limitations must be clear form the complaint).

Here, the allegations of plaintiffs' complaint do not support defendants' act of god affirmative defense. In their complaint, plaintiffs allege that defendants knowingly excavated a large expanse of a sparse, dry, and dusty field during windy conditions that were normal for the area. Plaintiffs further allege that the wind caused the recently disturbed dust to be swept across Interstate 80 causing the twenty-seven vehicle accident and the death of Ravi Dyer. At no point in their complaint do plaintiffs allege that the windy conditions were abnormal for that area of Humboldt County or that such a dust storm from the extensive excavation was unforeseeable. Rather, plaintiffs allege that the visibility-obscuring storm was a reasonably foreseeable outcome of the defendants' excavation under such dry and windy conditions. Thus, based on the allegations in the complaint, the court finds that defendants have not established their affirmative defense. Accordingly, the court shall deny defendants' motion to dismiss.

///

1    IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #4) is
DENIED.

IT IS SO ORDERED.

DATED this 16th day of October, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE